January 22, 1993

CLERK OF COURT
SUPREME COURT, CNMI
FILED

93 JAN 22 P 3: 27

BY: _____

IN THE SUPREME COURT
OF THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, | ) ) ) | APPEAL NO. 92-033 CRIMINAL ACTION NO. 92-179F |
| Plaintiff/Appellee, | ) ) | |
| vs. | ) ) | OPINION |
| JOSEPH ANTHONY BOWIE, | ) ) | |
| Defendant/Appellant. | ) ) ) | |

Argued and Submitted January 15, 1993

Counsel for Defendant/Appellant: G. Anthony Long
 Caller Box AAA 1797
 2nd Floor, Lim's Building
 San Jose
 Saipan, MP 96950

Counsel for Plaintiff/Appellee: Robert C. Naraja
 Attorney General
 Ronald A. Hammett
 Assistant Attorney General
 Civic Center
 Saipan, MP 96950

BEFORE: DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Justices.

VILLAGOMEZ, Justice:

## FACTS

On November 6, 1992, the dead body of Eladio Laude was discovered in the Dandan homestead area of Saipan. Police

464

investigation gathered sufficient information to establish probable cause that the deceased was a victim of homicide and that Joseph A. Bowie ("Bowie") actively participated in the commission of the homicide.[1] The same day, Officer Joseph H. Aldan signed an affidavit of probable cause in support of the issuance of an arrest warrant. Although the affidavit states that it was executed upon "first being duly sworn," it was not notarized.

At 1:45 a.m. on November 7, 1992, Officer Aldan presented the affidavit to Judge Alex C. Castro and requested the issuance of a warrant for the arrest of Bowie. Judge Castro asked the Officer to affirm whether the statements contained in the affidavit were correct and the Officer responded in the affirmative. Judge Castro then issued the arrest warrant. The same morning, at 6:39 a.m., Officer Aldan went to the house of Bowie and knocked on the door. When Bowie came to the door, he was arrested and has been held in custody since.

At the time of the arrest, no criminal information had been filed in court against Bowie. The information charging Bowie with the crimes of first degree murder, kidnapping, robbery, and assault and battery was filed on November 9, 1992.

## PROCEEDINGS BELOW

The defendant, Bowie, through counsel, moved to quash the arrest warrant and for release from custody on the ground that the

---

[1] Probable cause that Bowie participated in the homicide has been adequately shown and is not disputed.

arrest warrant was invalid. The trial court heard the motion on November 13, 1992, and denied it from the bench. Subsequently, it issued a written order on November 16, 1992.[2] Bowie filed his notice of appeal with this Court on November 13, 1992.

## ISSUE

The issue on appeal is whether the arrest warrant was constitutionally infirm and Bowie's arrest was unlawful. The government raised the issue of whether the arrest of Bowie was legal even if the warrant of arrest was constitutionally defective.

## ANALYSIS

Bowie contends that the arrest warrant was invalid for two reasons. First, the request for the arrest warrant was made by a police officer, rather than an attorney for the government as required by Rule 9, Com.R.Cr.P. Second, the affidavit of probable cause was not supported by an oath[3] or affirmation, as required by Article I, Section 3(a) of the CNMI Constitution.

For the reasons set forth below, we hold that the arrest warrant was neither constitutionally infirm nor otherwise invalid. Furthermore, even if the arrest warrant was constitutionally

---

[2] The order contained facts presented to the court by counsel for the government which were not objected to during the hearing. Although no testimony was presented, the representation of counsel as to the facts surrounding the issuance of the arrest warrant and the arrest of the defendant was not disputed by the defendant. The trial court properly relied on the facts represented by the prosecutor. 29 Am.Jur.2d, Evidence, § 597 (1967).

[3] An "oath" means: "An affirmation of truth of a statement, which renders one willfully asserting untrue statements punishable for perjury." Black's Law Dictionary, 1071 (6th ed. 1990).

infirm, the arrest of Bowie was not made inside his house, but with probable cause. Therefore, the arrest, even without a warrant, would still be valid.

## A. Oath or Affirmation

■Although the affidavit of probable cause was not notarized, the entire content of the affidavit was in writing and signed by the Officer. The same Officer who executed the affidavit was asked by the judge to affirm whether the contents of the affidavit were true and correct, to which the Officer responded in the affirmative. We hold that such oral affirmation satisfies Article I, Section 3(a) of the CNMI Constitution.

■The U.S. Supreme Court has made it clear, in interpreting Amendment IV to the U.S. Constitution, that the purpose for requiring an arrest warrant is to "interpose the [judge's] determination of probable cause to arrest before the officer could enter a house to effect an arrest." New York v. Harris, 495 U.S. 18, 110 S.Ct. 1640 (1990), citing, U.S. v. Watson, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). The judge is to make an independent determination of probable cause based on the affidavit. Here, the judge reviewed the affidavit of probable cause, received an affirmation by the officer who signed the affidavit that the statements therein were true and correct, was satisfied that there was probable cause, and then issued the arrest warrant. The probable cause was supported by an affirmation and the warrant was

467

valid.

## B. Requestor of the arrest warrant

The appellant's contention that the arrest warrant was invalid because it was requested by a police officer rather than a government attorney as provided by Rule 9, Com.R.Cr.P., is without merit. Rule 9 applies where an information has been filed charging a defendant with a felony. It states in part:

> .Upon the request of the attorney for the government, the court <u>shall</u> issue a warrant for each defendant <u>named in an Information</u> supported by a showing of probable cause under oath, as is required by Rule 4(a).

Rule 9, Com.R.Cr.P. (emphases added). Here, no Information had been filed at the time the police officer requested the arrest warrant. Therefore, Rule 9 does not apply in this case. The CNMI has no statute or rule prohibiting a police officer from requesting an arrest warrant from a judge, based on probable cause, prior to the filing of a criminal complaint or information. When a judge is satisfied, based on an affidavit, a verified complaint, or a verified information, that a crime has been committed and a particular person committed such crime, the judge may issue a warrant for the arrest of that person. Rules 4 and 9, Com.R.Cr.P.

## C. Place of the arrest

The government argues on appeal that even if the warrant of

468

arrest were constitutionally infirm, the arrest of the defendant would still be legal because the defendant was not arrested inside his house. The officers did not enter the house in order to arrest the defendant. He was arrested at the door, and the arrest was based on probable cause. Under these circumstances, there was no need for an arrest warrant. We agree.

 The U.S. Supreme Court in analyzing Amendment IV to the U.S. Constitution has made it clear that a warrantless arrest in a public place is permissible as long as the arresting officer has probable cause. New York v. Harris, supra. Physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed. The rule is designed to protect the physical integrity of the home. However, the Supreme Court draws a line at the entrance to the home.

 The Supreme Court has ruled that while a person is standing in the doorway of his house, he is in a public place for purposes of the Fourth Amendment. United States v. Santana, 427 U.S. 38, 42, 96 S.Ct. 2406, 2409, 49 L.Ed.2d 300 (1976).

The Ninth Circuit follows the same rule. In United States v. Botero, 589 F.2d 430 (9th Cir. 1978), cert. denied, 441 U.S. 944, 99 S.Ct. 2162, 60 L.Ed.2d 1045 (1979), the defendant opened the door to his home in response to the agent's knock. The agent immediately placed the defendant under arrest. The court held that these facts do not present an issue of warrantless entry because there was no entry. Similarly, we find that the facts presented on this appeal fail to raise the issue.

For the above reasons, we **AFFIRM** the order of the trial court.

Entered this _22nd_ day of _January_, 1993.

_____
JOSE S. DELA CRUZ, Chief Justice

_____
RAMON G. VILLAGOMEZ, Associate Justice

_____
JESUS C. BORJA, Associate Justice